1
2
3
4          UNITED STATES DISTRICT COURT
5        NORTHERN DISTRICT OF CALIFORNIA
6
7    KABITA CHOUDHURI,

              Plaintiff,                      Case No.  19-cv-00028-PJH
8
9         v.                                  **ORDER**
10   SPECIALIZED LOAN SERVICES LLC,            Re: Dkt. Nos. 15, 16
     et al.,
11
              Defendants.
12
13

14         On January 2, 2019, pro se plaintiff Kabita Choudhuri filed this foreclosure-related

15   action asserting causes of action for "common counts," "breach of contract," and "fraud"

16   against three defendants, Specialized Loan Services ("SLS"), Britt Johnson and Barbara

17   Johnson (together with Britt Johnson, the "Johnson defendants").  Dkt. 1.[1]  The same

18   day, plaintiff filed a motion for a temporary restraining order ("TRO") that essentially

19   sought, inter alia, to stay defendants from foreclosing on plaintiff's property.

20         On January 4, 2019, the court dismissed plaintiff's complaint for lack of jurisdiction

21   because the complaint did not allege a federal cause of action and because complete

22   diversity was lacking, as the Johnson defendants resided in California.  Dkt. 13 at 4-5.  In

23   addition, the court explained that, even if it had jurisdiction, it would deny plaintiff's motion

24   for a TRO on the merits for two reasons.  Id. at 5-8.  First, plaintiff had not shown an

25   imminent or immediate threatened injury because the "notice to vacate" that plaintiff

26   relied upon (and complained about) merely provided plaintiff the option to voluntarily

27   _____

28   [1] In conjunction with that filing, plaintiff applied to proceed in forma pauperis.  The court
     denied that application.  Dkt. 13.

vacate the property by January 9, 2019. Id. 6-7. Second, the court explained that plaintiff had not shown she was likely to succeed on the merits of her claim because the complaint did not sufficiently allege how defendants' conduct violated any particular law. Id. at 7-8. Accordingly, the court dismissed plaintiff's complaint with leave to amend and denied plaintiff's motion for a TRO as moot. Id. at 8. In lieu of filing an amended complaint, plaintiff voluntarily dismissed the action without prejudice. Dkt. 14.

The court is now in receipt of two motions filed by Choudhuri. First, plaintiff filed a "request for permission to reopen case." Dkt. 15. That motion requests the court reopen this action, drop the Johnson defendants, and add a new defendant, Bosco Credit LLC ("Bosco"). Id. According to the motion, "new evidence" in plaintiff's ongoing bankruptcy action "has shown collusion between the parties to defraud" the plaintiff. Id.[2] Plaintiff also asserts that "the alleged holder of the second loan on [her] property is threatening to foreclose." Id. The motion provides no further evidence about either assertion.

Plaintiff's second filing is a motion for a temporary restraining order. Excepting two paragraphs, that motion appears to be identical to plaintiff's January 2, 2019 TRO. The two new paragraphs do not provide any reason to grant the motion. The first asserts that plaintiff paid SLS $71,000 to resolve all outstanding debts and to bring the loan current. Dkt. 16 ¶ 4. As best the court can tell, the second, which is aimed solely at Bosco, asserts that Bosco claims it owns part of plaintiff's debt and is trying to collect on that debt in violation of some unspecified federal statute. Id. ¶ 5.g.

Plaintiff's motions must be denied for at least two reasons. First, this action has no operative complaint. The court dismissed plaintiff's complaint for lack of subject-matter jurisdiction over six months ago and plaintiff chose not to amend. Without an operative complaint (and without any other evidence), the court cannot determine whether plaintiff has shown she is likely to succeed on the merits of her claims. See Am.

---

[2] Plaintiff's now-dismissed complaint made similar allegations about the bankruptcy action. Dkt. 1 at 4 ("During discovery of Marin Superior Court case CIV083115[,] . . . documents presented . . . revealed that [Wells Fargo] colluded within its own departments as well as with other defendants named" in this action "to defraud the plaintiff.").

Trucking Assn's, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Indeed, without an operative complaint the court does not have any claim to weigh plaintiff's showing against. More fundamentally, without an operative complaint, this court cannot determine if it has subject-matter jurisdiction. For example, though plaintiff attempts to "drop" the Johnsons and "add" Bosco, the court cannot determine whether it has diversity jurisdiction because plaintiff has not alleged Bosco's principal place of business or state of incorporation.

Second, and assuming the existence of an operative complaint, plaintiff's motion for a TRO on the present record would be denied. The party seeking the TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 1046. As with her prior motion, plaintiff has not shown that foreclosure is imminent. Instead, plaintiff merely alleges that one of the loan-holders is "threatening to foreclose." Without some facts about when that threatened foreclosure will take place, the court cannot conclude that plaintiff faces an imminent or immediate risk of injury. And, like her prior motion, plaintiff's present motion, does not describe the alleged conduct in sufficient detail for the court to conclude that she will succeed on the merits of any unspecified claim.

Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

As to plaintiff's motion to reopen this case, that motion is also DENIED for at least two reasons. First, this court's prior order dismissing plaintiff's complaint with leave to amend specifically prohibited plaintiff from "add[ing] any additional parties without leave of court." Dkt. 13 at 8. Plaintiff's present motion to reopen attempts to sidestep that order by seeking to reopen the case while adding a new defendant, Bosco. See Dkt. 15. Second, plaintiff's voluntary dismissal of this action without prejudice, see Dkt. 14, allowed plaintiff to file a new action without prejudice to plaintiff asserting the voluntarily dismissed claims. It did not, as plaintiff asserts, allow her to reopen the present action to add new defendants based on seemingly distinct conduct. Accordingly, plaintiff's motion

1    to reopen this action is DENIED.  If plaintiff wishes to pursue her claims she may: (1) file

2    a renewed motion to reopen this action and attach a complaint that asserts claims

3    against <u>only</u> SLS and/or the Johnson defendants, or (2) file a new civil action.

**CONCLUSION**

4

5    In accordance with the foregoing, plaintiff's motion for a temporary restraining

6    order and motion to reopen this case are DENIED.

7    The court again reminds plaintiff that she may wish to seek free legal advice by

8    calling the Legal Help Center at 415-782-8982 or by signing up for an appointment at the

9    Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2795, San Francisco

10   California 94102.  There, plaintiff may speak with an attorney who will provide legal help,

11   but not legal representation.

12   **IT IS SO ORDERED.**

13   Dated: July 19, 2019

14   _____

15   PHYLLIS J. HAMILTON
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28